# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

| | |
|---|---|
| TIMOTHY SEBREE and<br>KIMBERLY SEBREE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

**FILED**

JUN 2 0 2014

9:45 O'CLOCK __ M
LAURA BOHLING, CLERK
DEPUTY CLERK

**JURY DEMAND**

Case No. 68071

## AMENDED COMPLAINT

Plaintiffs, TIMOTHY SEBREE and KIMBERLY SEBREE, for their Amended Complaint against the Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, ("Defendant" or "METROPOLITAN"), would respectfully show and allege to the Court as follows:

## GENERAL ALLEGATIONS

1.     Plaintiffs, TIMOTHY SEBREE and KIMBERLY SEBREE, own the property located at 311 Hunters Chase Drive, Smyrna, Tennessee 37167.

2.     Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee. The registered agent for service of process of METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee, 37243.

1

**EXHIBIT**
Collective
**A**

3.     Plaintiffs' claim for relief arises from a covered sinkhole loss to their property located at 311 Hunters Chase Drive, Smyrna, Tennessee 37167 ("Property"). Venue is proper pursuant to Tenn. Code. Ann. § 20-4-103.

4.     At all times material hereto, Plaintiffs have been the owners of the Property.

5.     Plaintiffs renewed or procured a policy of homeowner's insurance, policy number 5834612060 ("Policy"), from Defendant covering the above-referenced property. Plaintiffs are not in possession of a copy of the certified Policy and will provide one upon receipt in discovery.

6.     In consideration of monies paid by Plaintiffs to Defendant, the Policy was issued, insuring the Plaintiffs' property against risks, including sinkholes. The insurance policy provided dwelling insurance coverage in addition to other coverages.

7.     Plaintiffs have renewed the Policy each and every year and have paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8.     On or about February 7, 2012, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

9.     The damage to Plaintiffs' Property is caused by a covered peril under the Policy.

10.    A notice of loss and damages was properly given by Plaintiffs to Defendant in accordance with the terms of the Policy.

11.    Defendant sent a professional engineer, Oasis Consulting Services ("Oasis"), to Plaintiffs' Property who confirmed that there was damage to the home and that the home was situated in a karst setting where sinkholes are apparent, but stated the damage was caused by perils excluded under the policy and not by sinkhole activity.

12.    On or about May 22, 2012, Defendant sent a letter to Plaintiff stating that Oasis determined that sinkhole activity was not a cause of loss and denied the claim.

2

13.    On or about June 5, 2013, Plaintiffs, through counsel, sent a request that Defendant reopen the claim and consider all of the evidence in order to make an informed decision concerning the Plaintiffs' property.

14.    On or about July 2, 2013, Defendant sent correspondence indicating its intention to re-open Plaintiffs' claim.

15.    However, on or about February 11, 2014, Defendant through correspondence to Plaintiff maintained its May 22, 2012, denial of Plaintiffs' claim.

16.    Plaintiffs have complied fully with all of the provisions of the Policy.

17.    Plaintiffs have been required to retain the services of the undersigned counsel and are obligated to pay them reasonable fee for their services.

## BREACH OF CONTRACT

18.    Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 1 through 17 above as though fully set forth herein.

19.    Defendant has breached the Policy by denying coverage and failing and refusing to pay all benefits due thereunder for the claim of sinkhole activity.

20.    Defendant failed to properly investigate the Property as required under the Policy and by state statute.

21.    Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

22.    Defendant failed to investigate the Plaintiffs' claim in a prompt and thorough manner.

23.    Defendant represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when the Defendant knew or should have known that it

3

did not exclude coverage. Such acts or omissions were committed intentionally, recklessly, and/or negligently.

24.    Defendant owes Plaintiffs prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, and amount equal to such limits for the total constructive loss.

## BAD FAITH

25.    Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 1 through 24 above as though fully set forth herein.

26.    Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiffs. Accordingly, Plaintiffs are entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.

27.    The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiffs, including, but not limited to:

(A)    Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;

(B)    Defendant failed to investigate the Plaintiffs' claims in a prompt and thorough manner; and,

(C)    Defendant intentionally ignored requests to pay the claim of insurance policy coverage for the Plaintiff's claims.

28.    Defendant has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds. A history of court determinations and complaints of bad faith conduct on the part of Defendant has put Defendant on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, Defendant has intentionally or

4

recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate this misconduct.

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiffs' home; (v) pre-judgment interest; (vi) bad faith damages; and (vii) any other relief as the Court deems just and appropriate. On the breach of contract claim, Plaintiffs pray for judgment against Defendant in the maximum amount of $202,800.00, plus interest, costs, and attorneys' fees to which Plaintiffs are entitled. In addition, Plaintiffs seek damages under Tennessee Code Annotated § 56-7-105 in the amount of $50,700.00, plus any attorneys' fees and costs to which Plaintiffs are entitled. Plaintiffs pray for all relief and damages to which they are entitled under the common law, including compensatory damages, attorneys' fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which he may be entitled.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Complaint has been furnished via U.S. Mail to **Joshua A. Wolfe, Esquire, Leitner, Williams, Dooley & Napolitan, PlLLC, 180 Market Place Boulevard, Knoxville, Tennessee 37922** on 16 day of June 2014.

By: _____

*Thompson Trial Group, P.A.*
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone: (813) 254-1800
Facsimile: (813) 254-1844
Attorney for Plaintiffs

6

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

**FILED**

MAY 3 0 2014

10:00 O'CLOCK __ M
LAURA BOHLINS . CLERK

DEPUTY CLERK

May 20, 2014

Metropolitan Property & Casualty Ins Co          Certified Mail
800 S. Gay Street, Ste 2021, % C T Corp.         Return Receipt Requested
Knoxville, TN 37929-9710                          7012 3460 0002 8943 3714
NAIC # 26298                                       Cashier # 15625

Re:     Timothy And Kimberly Sebree   V.   Metropolitan Property & Casualty Ins Co

        Docket # 6807I

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served May 20, 2014, on your behalf in connection with the
above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Rutherford County
    20 Public Square North, Rm 201
    Murfreesboro, Tn 37130

## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

| | |
|---|---|
| TIMOTHY SEBREE and<br>KIMBERLY SEBREE,<br><br>    Plaintiffs,<br><br>v.<br><br>METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

JURY DEMAND

Case No. 6807

## S U M M O N S

**THE STATE OF TENNESSEE**
**TO EACH SHERIFF OF THE STATE:**

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition, Request for Admissions, Request for Production and Interrogatories in this action on the Defendant(s)

**METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**
**c/o Secretary of State**
**Department of State**
**Division of Service**
**Suite 1800**
**James K. Polk Building**
**Nashville, Tennessee 37243-0306**

    Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, whose name and address is

**Thomas W. Thompson, Esquire**
**The Thompson Trial Group, P.A.**
**4725 N. Lois Avenue**
**Tampa, Florida 33614**

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of the written defenses with the Clerk of the court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED    __05 | 16__ , 2014

Clerk of the Court

By: _____
          As Deputy Clerk

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

**FILED**

TIMOTHY SEBREE and )
KIMBERLY SEBREE, )
       )       MAY 16 2014
   Plaintiffs, )       10:30 O'CLOCK  M
       )       LAURA BOHLING, CLERK
v. )                       DEPUTY CLERK
       )
METROPOLITAN PROPERTY AND )       **JURY DEMAND**
CASUALTY INSURANCE COMPANY, )
       )       Case No. 68071
   Defendant. )

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

COME NOW the Plaintiffs, **TIMOTHY SEBREE and KIMBERLY SEBREE**, (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, and pursuant to Rule 34.01 of the Tennessee Rules of Civil Procedure, hereby request that Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**, (hereinafter referred to as "Metropolitan" or "Defendant") produce for inspection, copying or photographing at the office of Thompson Trial Group, P.A., 4725 N. Lois Avenue, Tampa, Florida 33614 within forty-five (45) days from the date of service, or at such other time and place as may be agreed upon between counsel, all documents and things in the possession, custody or control of Defendant, which are responsive to the requests contained in the numbered paragraphs below:

**I.   DEFINITIONS AND INSTRUCTIONS**

A.   As used herein, "Defendant", "you" or "your" shall mean Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**, its affiliates, partners, agents, servants, employees, attorneys, expert witnesses, accountants,

auditors, and all persons or entities over which Defendant has control or have been hired, retained or employed for any purpose by it, whether directly by it or through any other person or entity.

B.      As used herein, the term "document" or "documents" shall be defined to include any and all documents, memoranda (including written memoranda of telephone conversations, oral communications, discussions, agreements, acts or activities), letters, postcards, telegrams, messages (including telephone messages), facsimiles, intra-and interoffice communications, correspondence, handwritten and/or typewritten notes, pamphlets , diaries, records of any kind, sound recordings, contracts, agreements, books, letters, reports, catalogues, financial statements, receipts, invoices, billing statements (including credit card and telephone statements), purchase orders, proposals, affidavits, advertisements, solicitations, indices, data processing cards, other data processing materials, data, maps, directives, desk pads, calendars, scrap books, notebooks, drawings, diagrams, sketches, statistical records, appointment books, diaries, computer printouts, data processing input and output, computer input and output, e-mail, microfilms, other records kept by electronic, photographic or mechanical means, and writing of every kind and character, including preliminary drafts and other copies of the foregoing, however, produced or reproduced. If multiple copies of a document exist, each copy which is any way not completely identical to a copy which is being produced should also be produced.

C.      As employed herein, "all documents" shall refer to and shall include every document as above-defined, known to you and every such document or thing that can be located or discovered by reasonable diligent efforts, whether or not originally in your custody, possession or control.

2

D.      When producing the requested documents and things, please produce same as they are kept in the usual course or business or label them to correspondence with the categories of this request for production.

E.      If you claim a privilege as to any documents or thing encompassed by this request for production, you are requested to make the claim expressly and describe the nature of the documents, communications or things not produced or disclosed in manner that without revealing information itself protection claimed.

F.      The words "relating to" mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

## II.     DOCUMENTS TO BE PRODUCED

1.      All reports, drafts, charts, drawings, diagrams, or memoranda showing or intending to show the cause of damage to Plaintiff's real property located at **311 Hunters Chase Drive, Smyrna, Tennessee 37167,** (hereinafter referred to as the "Property") or the potential methods of repair in connection therewith.

2.      A certified copy of the Plaintiffs' all-risk insurance policy that was in effect at the time Plaintiffs' claim was made.

3.      All applications for insurance or corresponding documents that relate to Plaintiffs' procurement of the subject policy.

4.      The entire underwriting file.

5.      All notices of cancellation for any policy issued to Plaintiffs by Defendant.

6.      All notices of non-renewal for any policy issued to Plaintiffs by Defendant.

7.      All field logs, notes, or other memoranda relating to or referencing any engineering or geological consultant's findings or recommendations in connection with the Plaintiffs' Property.

3

8.    All documents relating to or referencing the damage to Plaintiffs' Property, which were considered by any individual or entity, and any related cost estimates in connection therewith.

9.    All photographs, logs, and/or videos taken of the Plaintiffs' Property with regard to any inspection or testing performed at the request of Defendant or at the request of any of Defendant's representatives.

10.    All documents relating to or referencing any communication between Plaintiffs and Defendant, including, but not limited to, correspondence or notices in connection with Plaintiffs' claim.

11.    All documents signed by Plaintiffs and relating to this action.

12.    Any documents, notes, memoranda, diaries, reports, photographs, video, etc., of any person who visited the Property and/or spoke with Plaintiffs on behalf of Defendant, at the request of Defendant, or at the request of any Defendant's representatives.

13.    All documents used by you in making the decision to tender or to offer to tender any amount to Plaintiffs in connection with Plaintiffs' claim.

14.    All documents used by you in making the decision whether coverage would be provided with respect to Plaintiffs' claim.

15.    All documents used by you in making the decision to elect to repair or repair the Plaintiffs' Property in connection with Plaintiffs' claim.

16.    All reports, memoranda, or other documents regarding the existence of any alleged sinkhole activity investigated by Defendant or their representatives within a two block radius of the Property.

17.    All reports, memoranda, or other documents relating to any ground remediation or repair work, regardless of whether such repairs were ever performed, arising out of alleged sinkhole activity at any neighboring properties within a one-mile radius of the subject Property.

18.    All documents, including, but not limited to, prior claims documentation submitted to you by other insureds, which were consulted to assist you in determining whether there have been any other investigations for sinkhole activity at neighboring properties within a two-mile radius of the subject Property.

19.    All documents provided to Defendant's geological or engineering experts to assist them in their investigation of this claim.

20.    All statements, forms, recordings, tapes, or transcripts of recordings of statements made by Plaintiffs with regard to this claim.

4

21.    All documents which support, refute, or otherwise relate to Defendant's claims or defenses in this action.

22.    All documents relating to or referencing any communication by Defendant, to any testing laboratory, consultant, engineer or engineering firm, geologist or geological firm, building contractor, or any expert, including but not limited to, correspondence, memoranda and notes prepared in connection with this claim.

23.    All documents for any construction/repair estimates or construction/repair proposals regarding the Plaintiffs' Property.

24.    All documents including IRS documents, computer printouts, or notes, indicating the total number of times that any of the expert/s retained by you, your company, your third-party claims company, or your attorney in relation to Plaintiffs' sinkhole claim or any expert(s) on Defendant's behalf that has examined, visited, performed any work or any testing of any kind on Plaintiffs' property, have been retained by you, your company, your third-party claims company, or your attorney in the past three years and the total amount of compensation paid to said expert(s) for work in the past three (3) years.

25.    All claims file documents regarding Plaintiffs' claim generated prior to your denial of Plaintiffs' claim.

26.    All documents evidencing the reserve amount set aside for Plaintiffs' claim.

27.    All documents identified or referred to in Plaintiffs' First Set of Interrogatories.

28.    All documents that relate to the interpretation or application of the subject language at issue in Plaintiffs' claim.

29.    All documents relating to your past and present document destruction policies.

30.    All documents relating to premiums that Plaintiffs paid you for policies issued.

31.    All documents relating to Plaintiffs or Plaintiffs' property, which you obtained from any source other than Plaintiffs.

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing Request for Production

has been served contemporaneously with the Complaint and Responses to same are due within

forty-five (45) days from the date of service.

By: _____

*Thompson Trial Group, P.A.*
Thomas W. Thompson, Esquire
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:    (813) 254-1800
Facsimile:    (813) 254-1844
Attorney for Plaintiff

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE **FILED**

|  |  |
|---|---|
| TIMOTHY SEBREE and<br>KIMBERLY SEBREE, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY, | ) |
|  | ) |
| Defendant. | ) |

MAY 1 6 2014

10:30 O'CLOCK ____ M
LAURA BOHLING, CLERK

DEPUTY CLERK

**JURY DEMAND**

Case No. 68071

## PLAINTIFFS' NOTICE OF SERVING
## FIRST SET OF INTERROGATORIES TO DEFENDANT

COME NOW the Plaintiffs, **TIMOTHY SEBREE and KIMBERLY SEBREE**, (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, pursuant to Rule 33.01 of the Tennessee Rules of Civil Procedure, and hereby give notice of serving Plaintiffs' First Set of Interrogatories to Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**, which is required to provide its answers in writing under oath within forty-five (45) days from the date of service.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing Interrogatories has been

served contemporaneously with Plaintiffs' Complaint.

By: _____

*Thompson Trial Group, P.A.*
Thomas W. Thompson, Esquire
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:    (813) 254-1800
Facsimile:    (813) 254-1844
Attorney for Plaintiff

2

## INSTRUCTIONS

1. You are instructed either to produce document as they are kept in the usual course of business or to produce document organized and labeled to correspond with the categories in these Interrogatories. Documents are to be produced in full and unexpurgated form.

2. These Interrogatories shall be deemed continuing, if permitted by Rule, so as to require further and supplemental production in the event that the party requested to produced, or any of its attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3. If any documents covered by these interrogatories are withheld by reason of a claim of privilege, work- product immunity or other ground of non-production, a list is to be furnished at the time that the documents are produced indentifying each such document for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld: author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of these Interrogatories to which such document relates.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

5. In the event that any document called for by these Interrogatories has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6. All objections to any category of documents to be produced pursuant to theses Interrogatories or to any definition or instruction they contain shall be in writing and delivered to Plaintiff's counsel within the time provided in the Tennessee Rules of Civil Procedure or at such other time as is agreed upon by the parties or ordered by the Court.

7. Where identification of a document is requested, please set forth the identity of its author or originator, the date of such authorship or origination, the identity of each person to whom the original or copy was addressed or delivered, the identity of each person known or reasonably believed to have present possession, custody, or control thereof, and a brief description of the subject matter thereof.

8. Where identification of a person is requested, please set forth the person's name, last-known home and business address and telephone number, and relation to Defendants, if any.

3

## DEFINITIONS

A.   As used herein, "Defendant," "you" or "your" shall mean Defendant,
     **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,** its
     affiliates, partners, agents, servants, employees, attorneys, expert witnesses, accountants,
     auditors, and all persons or entities over which Defendant has control or have been hired,
     retained or employed for any purpose by it, whether directly by it or through any other
     person or entity.

B.   The term "Plaintiffs" shall mean **TIMOTHY SEBREE and KIMBERLY SEBREE,**
     their representatives, agents, servants, employees, attorneys, expert witnesses,
     accountants, auditors and all persons or entities over whom they have control or have
     been hired, retained or employed by them to act on their behalf for any purpose
     whatsoever.

C.   The term "person" means any individual, corporation, partnership, joint venture, group,
     association, body politic, government agency, unit or other organization.

D.   The term "identify" or "the identity of" or equivalent language with reference to a natural
     person shall mean to give his or her entire name, his or her last known residence address,
     and, if employed, the name and address of his or her employer and his or her job title or
     position. With reference to a person who is not an individual, such terms mean to state
     the full name and principal office address of such person.

E.   They terms "the identity of" or to "identify" or equivalent language shall with reference
     to a document mean to:

     1.   Describe it in language which would be sufficient to obtain its production if used
          in a request for production directed to you;

     2.   State its customary business description, its nature and substance with sufficient
          particularity to enable it to be identified, its number (if any), and its date (it any);

     3.   And, identify the person(s) who generated it and its current custodians(s).

F.   The term "representative" as used herein with regard to a person or entity means and
     includes each and every present and former director, officer, partner, employee, agent ,
     independent consultant or expert or other person (including attorneys), such as friends,
     relatives and spouse, acting or purporting to act on behalf of the person or entity.

G.   The terms "document" or "documents" is used in its broadest sense and includes, without
     limitation, drafts, documents whether printed, recorded, stored or reproduced by any
     mechanical or electronic process, or written or produced by hand, and including computer
     tapes (including backup tapes) and all other computer-related documents, within your
     possession, custody or control. "Documents" shall also include (1) each copy that is not
     identical to the original or to any other copy, and (2) any tangible thing that is called for

4

by or identified in response to any request. "Document" as used herein shall be construed broadly to include all documents and things within the scope of Florida Rule of Civil Procedure 1.340. Furthermore, " Document" or " documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all writing, letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, pictures, photographs, tapes, memoranda, mechanical and electronic recordings or transcripts of same, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, proposition, articles, announcements, newspaper clippings, books, records, tables, book of account, ledgers, vouchers, canceled checks, check stubs, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness, and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of any document exist, each copy which is in any way not completely identical to a copy which is referenced shall also be produced.

H.   The term "communication" shall mean any transmission of information by any mean transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data or any other means. The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

I.   The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

J.   The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including, with limitation."

K.   All other words have their plain ordinary meaning.

5

# INTERROGATORIES

1.    What is your name, address, telephone number, and if you are answering for someone else, your official position.

2.    State the name, official title and function, relationship with Defendant, address and telephone number of each person(s) who assisted in the preparation and formulation of the answers to these Interrogatories, and responses to the Request for Production of documents that accompany these interrogatories, and in the assembly of documents to be produced.

3.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings in this matter, and specify the subject matter about which the person has knowledge.

6

4.  State the name, address, telephone number and title of each person(s) who had any role, whatsoever, in working on or adjusting the insurance claim(s) of Plaintiffs, **TIMOTHY SEBREE and KIMBERLY SEBREE**, at **311 Hunters Chase Drive, Smyrna, Tennessee 37167**, giving a brief description of their responsibilities regarding this matter. This interrogatory seeks the name of every employee of **METROPOLITAN**, who had anything to do with the claim, including the adjusters, branch claims representatives, regional or home office claims committee. State the name(s), address(es), and telephone all documents that support or explain any of these facts.

    A.  If any person identified in the answer to the preceding Interrogatory has been promoted, demoted, or transferred during the time relevant herein, describe in detail the change in employment status of each such individual, including the circumstances of the person's employment before and after the change in status.

    B.  If any person identified in the answer to the preceding interrogatory is no longer employed with **METROPOLITAN**, please state the date of separating, and the last-known residence address and telephone number of place of current employment of each such past employee.

5.  Are you aware of any other alleged sinkhole activity that has been investigated by you, anyone else on behalf of Defendant, any person, any entity, or any other insurance carrier within a two-block radius of the Plaintiffs' property during the past three (3) years? If answering affirmatively, please identify: (i) the address(es) of the area investigated; (ii) the party, including the name and address of the engineer, if you are aware, that conducted the investigation; (iii) whether or not the site contained a confirmed sinkhole; and (iv) whether or not the property was repaired, and if so, the method or repair.

7

6.     Prior to your denial of Plaintiffs' claim for insurance coverage, did you review any prior claims history to determine whether there have ever been any other investigations for sinkhole activity on nearby properties? If answering affirmatively, please identify: (i) the specific areas where the claims were filed; (ii) the engineering company retained by you to conduct the investigation for each such claim; and (iii) whether or not you provided coverage for the claim; and (iv) whether or not the property was repaired, and if so, the method of repair. (The term "nearby properties" is to include any property within a one-mile radius of the Plaintiffs' home).

7.     At or before the Plaintiffs' claim for insurance coverage was denied, do you contend that you ruled out the existence of sinkhole activity within a reasonable degree of scientific certainty? If answering in the negative, please identify; (i) the additional investigation you assert will be necessary to make such a determination; (ii) whether you intend on conducting this additional investigation. If answering in the affirmative, please specifically identify all facts and circumstances which you believe support such a contention and state whether you complied with the minimum standards for investigation of sinkhole claims set forth in section Tennessee Statutes.

8

8.      State the facts and circumstances upon which you rely for each affirmative defense set forth in your Answer and Affirmative Defenses.

9.      Do you contend that anything other than a covered peril under the subject homeowners' policy is, or may be, the cause, in whole or in part, of damage to the insureds' premises, for which claims have been asserted against you in this lawsuit?  If so, state the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not previously notified Plaintiffs of your contention.

10.     Have you ever heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9

11.   State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video-tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

12.   For each claim for insurance benefits submitted to you by Plaintiffs during the past four (4) years, please state: (i) the date Plaintiffs first reported the loss to you; (ii) the "date of loss" or date associated with the claim; (iii) whether the claim was denied; (iv) if any payment was tendered or offered, the amount and date of such payment or offer; and (v) the policy number, coverage limits and policy period of any insurance policy in effect at the time the claim was submitted.

13.   Describe comprehensively and in detail each and every way you believe that Plaintiffs have violated and/or failed to comply with any terms or conditions of the insurance policy, including but not limited to, cooperate with **METROPOLITAN** investigation and adjustment of the loss, intentional concealment, omitted and/or misrepresented any material facts or circumstances. State then name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

10

14.   Describe comprehensively and in detail the exact nature of all evidence in your possession, which may support any and all allegations of Plaintiffs' Complaint, or that may rebut any and all allegations of Plaintiffs' Complaint with respect to this pending action, and which are discoverable under the applicable Rules of Civil Procedure. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

15.   Describe each file that was opened, created, or maintained by **METROPOLITAN** relating in any way to the policy or the claim, including the complete name or title of the file, its complete file number or other identifying designation, its present custodian and physical location within **METROPOLITAN** and its general purpose or business classification. This interrogatory seeks the identification of each "claims file" and each "underwriting file" under whatever designation or description, and every copy of duplicate thereof which may exist within **METROPOLITAN**. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

16.   State with specificity, when and why did **METROPOLITAN** anticipate litigation with regard to a breach of contract cause of action in the case at issue. State the name(s), addresses(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, and identify all documents that support or explain any of these facts.

11

17.  For the past three (3) years, state the total number of times you, your company, your
     agents, third party-claims companies retained by Defendant, or your attorney have
     retained the services of the expert(s) retained in the present case and please state the total
     amount of compensation paid to the expert(s) during the past three (3) years.

18.  If any Requests for Admissions in Plaintiffs' First Request for Admissions served
     contemporaneously with these interrogatories have been in whole or in part denied, or if
     anything other than an outright admission was given, please explain the facts supporting
     said response. Please identify any person with knowledge regarding the reasons for said
     response and identify any document supporting said response.

19.  State bases on which you denied Plaintiffs' claim describe the facts and circumstances
     supporting said bases.

METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY

By:_____

STATE OF TENNESSEE

COUNTY OF_____

The foregoing instrument was acknowledged before me this____ day of _____

_____, 2013, by _____who is personally known tome or who has

produced _____as identification and who did (did not) take an oath, and who

says the he/she executed the foregoing Answers to Interrogatories and that the Answers are true

and correct to the best of his/ her knowledge and belief.

_____
Notary Public (seal)

_____
Printed Name

13

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

**FILED**

| | |
|---|---|
| TIMOTHY SEBREE and | ) |
| KIMBERLY SEBREE, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

MAY 1 6 2014

10:30 O'CLOCK ___ M
LAURA BOHLING , CLERK

DEPUTY CLERK

**JURY DEMAND**

Case No.

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COME NOW the Plaintiffs, **TIMOTHY SEBREE and KIMBERLY SEBREE,** (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, and pursuant to Rule 36.01 of the Tennessee Rules of Civil Procedure, hereby request Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,** ("Defendant"), respond to Plaintiffs' First Request for Admissions to Defendant within forty-five (45) days of the date of service and admit or deny the following:

1.     That all times material hereto, Plaintiffs were and are the owners of that certain real property located at **311 Hunters Chase Drive, Smyrna, Tennessee 37167,** (hereinafter referred to as "Insured Property").

2.     That Defendant issued or renewed a policy of homeowner's insurance, **Policy Number** 5834612060, (hereinafter referred to as the "Policy") to Plaintiffs on the Insured Property.

3.     That at all times material hereto, the subject Policy of homeowner's insurance was/is in effect for the Insured Property.

4.     That the above-referenced Policy of insurance covers any and all damage to the Insured Property that was caused by sinkhole activity.

5.     That **Policy Number** 5834612060 is an all-risk policy.

6.  That there is damage to the structure located at the Insured Property.

7.  That Plaintiffs made a timely application for insurance benefits under the Policy of homeowner's insurance.

8.  That Defendant has not sent to Plaintiffs a notice of nonrenewal before this claim was initiated.

9.  That Defendant has not sent to Plaintiffs a notice of cancellation before this claim was initiated.

10. That Defendant unilaterally retained **Oasis Consulting Services**, (hereinafter "**Oasis**") to determine if a probable geotechnical cause of the distress at the Insured Property could be determined and, if so, to make repair recommendations.

11. That **Oasis** determined that the damage to the Insured Property could not have been caused by sinkhole activity.

12. That based on the results of the Subsidence Investigation Report, prepared by **Oasis** at Defendant's request, Defendant advised Plaintiffs that **Oasis** had concluded that the damage to the Insureds' premises was caused by an excluded peril under the policy and not sinkhole activity.

13. That Defendant has not paid Plaintiffs' claim.

14. That Defendant failed to consult with Plaintiffs in its retention of **Oasis** to perform the subsidence investigation.

15. That Defendant relied upon the above-referenced **Oasis** report and the recommendations contained therein to deny Plaintiffs' claim.

16. That the duty to ensure a subsidence investigation compliant with Tennessee Statute § 56-7-130 7 lies with Defendant.

17. That Plaintiffs have complied with all conditions precedent to obtaining benefits under Plaintiffs' Policy of homeowner's insurance from Defendant.

18. That Plaintiffs have complied with all conditions precedent to the maintenance of this action.

19. That Defendant has breached its policy of insurance by failing to pay all benefits to Plaintiffs for claim of damages to the home located at Insured Property.

20. That Defendant owes prejudgment interest, expert fees, costs, and attorneys' fees of this action.

2

21.   That Defendant has failed to comply with all of the statutory requirements of
Tennessee Statute 56-7-130.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing Request for Admissions

has been served contemporaneously with Plaintiffs' Complaint and Responses to same are due

within forty-five (45) days from the date of service.

By: _____

*Thompson Trial Group, P.A.*
Thomas W. Thompson, Esquire
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:    (813) 254-1800
Facsimile:     (813) 254-1844
Attorney for Plaintiffs

3

## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, ~~FINED~~

TIMOTHY SEBREE and )
KIMBERLY SEBREE, )
) MAY 1 6 2014
Plaintiffs, ) 10'30 O'CLOCK _a_ M
) LAURA BOHLING , CLERK
v. ) DEPUTY CLERK
)
METROPOLITAN PROPERTY AND ) JURY DEMAND
CASUALTY INSURANCE COMPANY, )
) Case No.  6 8 0 7 1
Defendant. )

### COMPLAINT

Plaintiffs, TIMOTHY SEBREE and KIMBERLY SEBREE, for their Complaint against

the Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,

("Defendant" or "METROPOLITAN"), would respectfully show and allege to the Court as

follows:

### GENERAL ALLEGATIONS

1.      Plaintiffs, TIMOTHY SEBREE and KIMBERLY SEBREE, own the property

located at 311 Hunters Chase Drive, Smyrna, Tennessee 37167.

2.      Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE

COMPANY, is a for-profit foreign insurance company authorized to engage in, and does engage

in, the sale and delivery of property insurance within the State of Tennessee.  The registered

agent for service of process of METROPOLITAN PROPERTY AND CASUALTY

INSURANCE COMPANY is the Tennessee Department of Commerce and Insurance, 500 James

Robertson Parkway, Nashville, Tennessee, 37243.

1

3.      Plaintiffs' claim for relief arises from a covered sinkhole loss to their property located at 311 Hunters Chase Drive, Smyrna, Tennessee 37167 ("Property"). Venue is proper pursuant to Tenn. Code. Ann. § 20-4-103.

4.      At all times material hereto, Plaintiffs have been the owners of the Property.

5.      Plaintiffs renewed or procured a policy of homeowner's insurance, policy number 5834612060 ("Policy"), from Defendant covering the above-referenced property. Plaintiffs are not in possession of a copy of the certified Policy and will provide one upon receipt in discovery.

6.      In consideration of monies paid by Plaintiffs to Defendant, the Policy was issued, insuring the Plaintiffs' property against risks, including sinkholes. The insurance policy provided dwelling insurance coverage in addition to other coverages.

7.      Plaintiffs have renewed the Policy each and every year and have paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8.      On or about February 7, 2012, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

9.      The damage to Plaintiffs' Property is caused by a covered peril under the Policy.

10.     A notice of loss and damages was properly given by Plaintiffs to Defendant in accordance with the terms of the Policy.

11.     Defendant sent a professional engineer, Oasis Consulting Services ("Oasis"), to Plaintiffs' Property who confirmed that there was damage to the home and that the home was situated in a karst setting where sinkholes are apparent, but stated the damage was caused by perils excluded under the policy and not by sinkhole activity.

12.     On or about May 22, 2012, Defendant sent a letter to Plaintiff stating that Oasis determined that sinkhole activity was not a cause of loss and denied the claim.

2

13.     On or about June 5, 2013, Plaintiffs, through counsel, sent a request that Defendant reopen the claim and consider all of the evidence in order to make an informed decision concerning the Plaintiffs' property.

14.     On or about July 2, 2013, Defendant sent correspondence indicating its intention to re-open Plaintiffs' claim.

15.     However, on or about February 11, 2014, Defendant through correspondence to Plaintiff maintained its May 22, 2012, denial of Plaintiffs' claim.

16.     Plaintiffs have complied fully with all of the provisions of the Policy.

17.     Plaintiffs have been required to retain the services of the undersigned counsel and are obligated to pay them reasonable fee for their services.

### BREACH OF CONTRACT

18.     Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 1 through 17 above as though fully set forth herein.

19.     Defendant has breached the Policy by denying coverage and failing and refusing to pay all benefits due thereunder for the claim of sinkhole activity.

20.     Defendant failed to properly investigate the Property as required under the Policy and by state statute.

21.     Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

22.     Defendant failed to investigate the Plaintiffs' claim in a prompt and thorough manner.

23.     Defendant represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when the Defendant knew or should have known that it

3

did not exclude coverage. Such acts or omissions were committed intentionally, recklessly, and/or negligently.

24.    Defendant owes Plaintiffs prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, and amount equal to such limits for the total constructive loss.

### VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

25.    Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 1 through 24 above as though fully set forth herein.

26.    Defendant has violated the Tennessee Consumer Protection Act of 1977 ("TPCA"), §§ 47-18-101, *et seq.*, by engaging in various unfair, misleading or deceptive acts or practices, including, but not limited to:

   (A)    attempting to deceive or misrepresenting or failing to act fairly by not paying Plaintiff for damages, when Defendant represented in its policy it would provide coverage for covered perils, in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5) and (b)(27); and,

   (B)    failing to comply with Tenn. Code Ann. §§ 56-7-130 when Defendant had an obligation to comply with Tenn. Code Ann. §§ 56-7-130 in violation of Tenn. Code Ann. §§ 47-18-104(a), and (b)(27).

27.    The Defendant's acts and/or omissions in violation of the TCPA were made willfully and knowingly, thereby entitling Plaintiff to treble damages and attorney fees pursuant to Tenn. Code Ann. § 47-18-109.

### FRAUD AND MISREPRESENTATION

28.    Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 1 through 27 above as though fully set forth herein.

29.    Defendant committed fraud by intentionally or recklessly misrepresenting to the insured Plaintiffs that the reason for denial was because of a misrepresentation of the meaning of

4

(B)     Defendant ignored a written certification stating that the cause of the claim was sinkhole activity; and,

(C)     After additional requests by the Plaintiffs, Defendant still failed to conduct analysis of sufficient scope to eliminate sinkhole activity as the cause of the damage as required under Tenn. Code Ann. § 56-7-130-(d)(2).

35.     As a result of Defendant's failure to perform its statutory duty, Plaintiffs have been injured.  Plaintiffs were within the protection of the Tenn. Code Ann. § 56-7-130 and § 47-18-101, *et seq*. and was intended to benefit from these laws.

## BAD FAITH

36.     Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 1 through 35 above as though fully set forth herein.

37.     Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiffs.  Accordingly, Plaintiffs are entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.

38.     The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiffs, including, but not limited to:

(A)     Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;

(B)     Defendant failed to investigate the Plaintiffs' claims in a prompt and thorough manner; and,

(C)     Defendant intentionally ignored requests to pay the claim of insurance policy coverage for the Plaintiff's claims.

39.     Defendant has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds.  A history of court determinations and complaints of bad faith conduct

6

on the part of Defendant has put Defendant on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, Defendant has intentionally or recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate this misconduct.

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiffs' home; (v) pre-judgment interest; (vi) treble damages; and (vii) any other relief as the Court deems just and appropriate. Plaintiffs pray for all relief and damages to which they are entitled under the common law, and the Tennessee Consumer Protection Act, including compensatory damages, treble damages, attorney fees, and costs.

### DEMAND FOR JURY TRIAL

Plaintiffs demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which he may be entitled.

Respectfully submitted,

By: _____

*Thompson Trial Group, P.A.*
thompson@ttglaw.com
TBN: 25817
4725 North Lois Avenue
Tampa, Florida 33614-7046
Telephone:    (813) 254-1800
Facsimile:    (813) 254-1844
Attorney for Plaintiff

7